On appeal (*Florea & Co., Inc.* v. *United States*, 34 C. C. P. A. (Customs) 26, C. A. D. 339), the appellate court was of the opinion that the division instead of passing upon the merits of the case should have sent it back to the trial judge for that purpose, and *sua sponte* remanded the case to accomplish this end.

FLOREA & CO., INC. *v.* UNITED STATES

No. 7994.—
Entry No. 840447.

Second Division, Appellate Term

(Decided May 4, 1951)

*William Whynman* for the appellant.

*David N. Edelstein*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellee.

Before FORD and MOLLISON, Judges

FORD, Judge: This application to review the decision of the trial court in *Florea & Co., Inc.* v. *United States*, 11 Cust. Ct. 377, Reap. Dec. 5907, is a companion to an application to review the decision in *Florea & Co., Inc.*, v. *United States*, 11 Cust. Ct. 384, Reap. Dec. 5908, which cases were decided concurrently.

In both cases the trial court held that it was without jurisdiction, being of the opinion that plaintiff had failed to comply with the provisions of sections 481, 482, 484, and 485 of the Tariff Act of 1930 (19 U. S. C. § 1481, 1482, 1484, and 1485). This action was taken by virtue of the provision in section 501 of said act (19 U. S. C. § 1501) which declares that "No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise."

Both cases were appealed to this division.

In the latter case (Reap. Dec. 5908, *supra*) this division unanimously held that there had been substantial compliance with said sections 481, 482, 484, and 485, and a majority of the court was of the opinion further that on the merits of the case plaintiff had failed to establish a value for the merchandise involved therein other than and different from the appraised value.

While said case was undergoing extensive litigation, in which the jurisdictional point above referred to was not involved, the present case was placed on the suspended files since the issues in the two cases were practically identical. It has now been formally abandoned.

Accordingly judgment will issue dismissing the application for review.